IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| -vs- | ) | |
| | ) | PLAINTIFF DEMANDS |
| NEW NGC, INC. a foreign corporation, | ) | TRIAL BY JURY |
| d/b/a NATIONAL GYPSUM | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ROBERT JOHNSON, by and through his attorneys, GORDON LAW OFFICES, LTD., and complains of Defendant NEW NGC, INC., a foreign corporation d/b/a NATIONAL GYPSUM COMPANY, as follows:

1. At all times relevant, ROBERT JOHNSON ("Plaintiff") was a citizen of Kenosha County, residing in Kenosha, Wisconsin.

2. At all times relevant, NEW NGC, INC. was a foreign corporation doing business as NATIONAL GYPSUM COMPANY ("Defendant") in the State of Illinois and operating a facility in Waukegan, Illinois.

3. Jurisdiction is properly invoked in this Court pursuant to 28 U.S.C. §1332.

4. On or about December 2, 2013, Plaintiff was hired by Defendant to act as a machine operator and bundler.

5. On April 28, 2015, during the course and scope of Plaintiff's employment with Defendant, Plaintiff suffered a work-related injury to his right hand.

6. On April 28, 2015, Plaintiff informed two supervisors at Defendant's facility, Charles Lechard and Tim Creemer, of the injury to his right hand.

7. On April 28, 2015, Plaintiff sought emergency medical treatment at Kenosha Medical Center and was diagnosed with a fracture at the base of his right hand to the fifth metacarpal. Plaintiff was placed in a splint and instructed to remain off work and seek follow-up medical attention with an orthopedic physician.

8. On April 29, 2015, Plaintiff completed an "Employee Incident / Injury Report" and gave it to Defendant.

9. On April 29, 2015, Plaintiff provided a physician note to Defendant restricting all work related activities.

10. At all times relevant, Defendant was aware of Plaintiff's injury and Plaintiff's work restrictions.

11. On April 30, 2015, Michael Birndorf, M.D., at Kenosha Medical Center, performed a closed reduction and percutaneous pin fixation surgery on Plaintiff's injured right hand.

12. On and after April 28, 2015, Plaintiff exercised his rights under the Illinois Workers' Compensation Act and saw a doctor of his own choice, as well as requested temporary total disability benefits pursuant to the Illinois Workers' Compensation Act. 820 ILCS 305/8(a) and 8(b).

13. On June 22, 2015, Plaintiff provided a physician note to Defendant allowing Plaintiff to return to work without restrictions.

14. On June 22, 2015, Plaintiff returned to work and was then and there informed by Defendant's human resources director that Plaintiff was being terminated for failure to report the April 28, 2015 work injury.

15. On June 22, 2015, Defendant terminated Plaintiff in retaliation for Plaintiff's exercising his rights conferred under the Illinois Workers' Compensation Act.

16. Defendant's reasons for terminating Plaintiff are baseless and pretextual in that Plaintiff did properly report his April 28, 2015 workplace injury.

17. At all times relevant hereto, it was the clear mandate of Illinois public policy under the Workers' Compensation Act to afford protection to employees by providing them with prompt and equitable compensation for their injuries and, as such, to promote the general welfare of its employees.

18. At all times relevant hereto, it was the responsibility of Defendant, as Plaintiff's employer, and pursuant to Section 8 of the Illinois Workers' Compensation Act, to provide and pay for all necessary medical treatment and benefits for Plaintiff's condition caused by his workplace accident.

19. Section 4(h) of the Illinois Workers' Compensation Act states, in relevant part:

> It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act.

20. Notwithstanding Section 4(h), the other duties set forth in the Workers' Compensation Act, and the public policy of Illinois, Defendant willfully and wantonly discharged Plaintiff from his former employment as a consequence of and in retaliation for Plaintiff's condition, as well as his seeking benefits for his condition.

21. As a result of said willful, wanton and malicious misconduct by Defendant, Plaintiff has suffered damages, including lost earnings.

WHEREFORE, Plaintiff, ROBERT JOHNSON, prays that this Court enter judgment in his favor and against the Defendant, NEW NGC, INC., a foreign corporation d/b/a NATIONAL GYPSUM COMPANY, as follows:

(a) Damages for his lost past and future earnings and other compensation for anxiety and emotional distress, in an amount in excess of $100,000.00 and to be determined at trial;

(b) Punitive damages in an amount in excess of $100,000.00, to be determined at trial;

(c) Costs associated with this lawsuit;

(d) Attorneys' fees; and

(e) Any such other relief that the Court deems just and fit under the circumstances.

Respectfully submitted,

ROBERT JOHNSON


By: /s/Richard R. Gordon
One of His Attorneys

Richard R. Gordon
Gordon Law Offices, Ltd.
211 West Wacker Drive, 5th Floor
Chicago, Illinois 60606
 (312) 332-5200
Attorney No. 6277551